**\*FOR PUBLICATION\***

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

| | |
|---|---|
| GARY SIMMONDS, | ) D.C. CR. App. No. 2008-0029 |
| | ) |
| Appellant, | ) Super. Ct. Crim. No. 215/2005 |
| v. | ) |
| | ) |
| | ) |
| PEOPLE OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Appellee. | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Darryl Dean Donohue, Judge Presiding

Considered: February 18, 2011
Filed: July 29, 2011

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Senior Sitting Judge, District Court of the Virgin Islands; and **AUDREY L. THOMAS**, Judge of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sitting by designation.

Attorneys:

**Kele Onyejekwe, Esq.**
St. Croix, U.S.V.I.
    For the Appellant,

**Tiffany V. Monrose, AAG Esq.**
St. Croix, U.S.V.I.
    For the Appellee.

**Memorandum Opinion**

In this appeal, we address whether the Virgin Islands aggravated assault statute violates the Equal Protection Clause

*Gary Simmonds v. People of the Virgin Islands*
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 2

of the Fourteenth Amendment to the Constitution. For the reasons cited below, we remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2005, Mrs. Tracia Walters-Simmonds ("Mrs. Simmonds") went to the Schrader Command police station on St. Croix to complain that her husband, Gary Simmonds ("Mr. Simmonds", "Simmonds" or "Appellant") had struck her. (J.A. 28-29, Trial Tr. 16-17.) When Mrs. Simmonds arrived at the police station, her face was bruised and red.

On the evening of the incident, police went to the Simmonds' home to investigate. Mr. Simmonds, who was a police officer at the time, was at the residence. He conversed with investigating Virgin Islands police officers and voluntarily went to the police station. After initially refusing to sign an advice of rights form, he gave a statement. Therein, he explained that the couple's fight originated from a disagreement concerning both an outstanding bill and Mrs. Simmonds' relationship with an ex-boyfriend. Mrs. Simmonds also gave a statement where she indicated that the argument had indeed escalated when Mr. Simmonds struck her about the face and body while they were in the bedroom and the bathroom of their residence.

Case: 1:08-cr-00029-RLF-GWB Document #: 32 Filed: 07/29/11 Page 3 of 10

*Gary Simmonds v. People of the Virgin Islands*
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 3

On May 9, 2005, the People of the Virgin Islands filed a one-count criminal information against Simmonds, charging him with aggravated assault and battery as an act of domestic violence, in violation of V.I. CODE ANN. tit. 14, § 298(5) and V.I. CODE ANN. tit. 16, § 91(b)(1)&(2).[1]

A bench trial was held on September 22, 2005, concerning the single charge levied against Simmonds. At the conclusion of the evidence presented, the trial court found Mr. Simmonds guilty of aggravated assault in violation of 14 V.I.C. § 298(5). He was subsequently sentenced to a six-month suspended prison term, one year of supervised probation, 100 hours of community service and, *inter alia*, enrollment in an anger management course. This timely appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review judgments and orders of the Superior Court of the Virgin Islands in all criminal cases in which the defendant has been convicted, other than a plea of guilty. Revised Organic Act of 1954 § 23A, 48 U.S.C. §

---

[1] Subsection (5) of 14 V.I.C. section 298, graduates a simple assault to an aggravated assault if it is committed by an adult male upon a female. *See* 14 V.I.C. § 298(5).

Case: 1:08-cr-00029-RLF-GWB  Document #: 32  Filed: 07/29/11  Page 4 of 10

*Gary Simmonds v. People of the Virgin Islands*
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 4

1613a[1]; Omnibus Justice Act of 2005, Act No. 6730 § 54(d)(1); Act No. 6687; 4 V.I.C § 33 (2006).

Generally, we review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statute. *See Gov't of the V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App. Div. 2001). However, we afford the more deferential clear error review to factual determinations. *Id.*

## III. ISSUE PRESENTED

In this appeal we are tasked with determining whether the Virgin Islands aggravated assault statute violates the Equal Protection Clause.[2]

## IV. ANALYSIS

### A. Whether 14 V.I.C. § 298(5) violates the Equal Protection Clause of the Fourteenth Amendment[3]

---

[1] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003)(preceding V.I. CODE ANN. tit. 1); Act 6687 § 4(2004); Act 6730 § 54(2005)(amending Act 6687); 4 V.I.C. § 33 (2006).

[2] The Appellant also raises evidentiary issues.

[3] This issue is a question of first impression for this Court.

Simmonds argues that subsection 5 of the Virgin Islands aggravated assault statute at section 298 of title 14 of the V.I. Code discriminates on the basis of gender.

In pertinent part, 14 V.I.C. § 298(5) provides that, aggravated assault and battery occurs whenever a person "commits an assault and battery. . . being an adult male, upon the person of a female or child, or being an adult female upon the person of a child." Id. The statute escalates a simple assault and battery[4] to an aggravated assault and battery[5] when an adult male perpetrates an assault and battery against an adult female. See id.

The statute, however, does not graduate simple assault to aggravated assault when an adult male perpetrates the offense against another adult male or if an adult female perpetrates the offense against another adult female. As such, men and women are plainly treated differently.

The Equal Protection Clause of the 14th Amendment to the United States Constitution provides in relevant part:

---

[4] The punishment for simple assault and battery is a fine of no more than $50 or imprisonment for not more that 30 days or both. V.I. CODE. ANN. tit. 5, § 299(2).

[5] The punishment for aggravated assault and battery is a fine of not more than $500 or imprisonment for not more than one year or both. V.I. CODE ANN. tit 14, § 298(5).

Case: 1:08-cr-00029-RLF-GWB Document #: 32 Filed: 07/29/11 Page 6 of 10

*Gary Simmonds v. People of the Virgin Islands*
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 6

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny any person within its jurisdiction the equal protection of the laws.

*Id.*[6]

While the Fourteenth Amendment is clearly grounded as an instrument to safeguard against the iniquities of discrimination, "the Fourteenth Amendment does not prohibit states from treating different classes of persons in different ways."[7] *See, e.g., Reed v. Reed*, 404 U.S. 71 (1971); *see also Rinaldi v. Yeager*, 384 U.S. 305, 309 (1966)(The Equal Protection Clause "does not demand that a statute necessarily apply equally to all persons.").[8] Rather, where legislation makes explicit gender classifications, those

---

[6] The Equal Protection Clause of the 14th Amendment is made applicable to the Virgin Islands in Revised Organic Act of 1954, § 3.

[7] Although technically not a "state" it is well established that Congress has chosen to give the Virgin Islands territorial government "autonomy similar to that of the states." *Harris v. Boreham*, 233 F.2d 110, 113-14 (3d Cir. 1956); *see also Gov't v. United Indus.Workers of N. Am.*, 987 F. Supp. 439, 444 (D.V.I. App. Div. 1997).

[8] Equal protection also does not require "things which are different in fact to be treated in law as though they were the same." *Rinaldi v. Yeager*, 384 U.S. 305, 309 (1966); *see also South Carolina Public Svc. Authority v. C&S Nat'l Bank*, 386 S.E.2d 775 (1989)("the Equal Protection Clause prevents only irrational and unjustified classifications, not all classifications").

Case: 1:08-cr-00029-RLF-GWB   Document #: 32   Filed: 07/29/11   Page 7 of 10

Gary Simmonds v. People of the Virgin Islands
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 7

classifications are subject to intermediate scrutiny. *Hynson v. Chester, Legal Dep't*, 864 F.2d 1026, 1029 (3d Cir. 1988).

To survive intermediate scrutiny, the burden is on the Government to demonstrate that a challenged statute serves important governmental objectives and is substantially related to the achievement of those objectives. *Tuan Anh Nguyen v. INS*, 533 U.S. 53, 70 (2001); *see also Kirchberg v. Feenstra*, 450 U.S. 455, 461 (1981)(the burden is on the government to prove both the importance of its asserted objective and the substantial relationship between the classification and that objective).[9]

---

[9] The Appellant argues that the U.S. Supreme Court has adopted a heightened standard of review in gender classification cases. The Appellant cites *Mississippi University for Women v. Hogan*, in support of the proposition that the standard of review has shifted from the government demonstrating only a substantial relationship between the classification and the objective, to the elevated burden of showing an "exceedingly persuasive justification." (Appellant's Brief at 18.)(citing 458 U.S. at 724.) However, the Appellant argues a distinction without a difference. The full quotation in *Mississippi University for Women v. Hogan*, reads:

> the party seeking to uphold a statute that classifies individuals on the basis of their gender must carry the burden of showing an "exceedingly persuasive justification" for the classification. The <u>burden is **met only** by showing at least that the classification serves "important governmental objectives and that the discriminatory means employed" are "substantially related to the achievement of those objectives</u>.

458 U.S. at 724 (emphasis added)(internal citations omitted); *see also United States v. Virginia*, 518 U.S. 515, 532-533

Case: 1:08-cr-00029-RLF-GWB Document #: 32 Filed: 07/29/11 Page 8 of 10

*Gary Simmonds v. People of the Virgin Islands*
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 8

In this litigation, the Government makes little effort to carry its burden. Although the Government acknowledges that it is saddled with the burden of proof[10]; it fails to assert any facts or arguments whatsoever to demonstrate that § 298(5) was spawned by a legitimate or important government objective and that a substantial relationship exists between the challenged statute and achieving the territory's legitimate goal.

Indeed, the Government does not so much as explicitly identify a government objective for the plain gender distinctions employed by § 298(5). Instead, the Government ratchets its argument to a litany of cases that, at best, show that several state statutes that also employ gender distinctions have survived equal protection challenges. The Government's burden, however, is not to demonstrate that

---

(1996)(citing *Mississippi Univ. for Women*, 458 U.S. at 724)(internal quotations and citations omitted)("exceedingly persuasive" justification in gender classification cases is demonstrated where the government shows that "the challenged classifications serves important government objectives and that the discriminatory means employed are substantially related to the achievement of those objectives").
 Hence, despite the shift in precedent that the Government attempts to argue, intermediate scrutiny and the substantial relationship test ultimately control the courts' review over equal protection challenges to statutes that employ gender classifications.

[10] It is the Government's burden to "demonstrate that the classification based upon sex in § 298(5) serves an important government objective and is substantially related to the achievement of those objectives." (Appellant's Brief at 8.)

Case: 1:08-cr-00029-RLF-GWB   Document #: 32   Filed: 07/29/11   Page 9 of 10

*Gary Simmonds v. People of the Virgin Islands*
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 9

similar statutes have been upheld. Rather the Government's burden is to demonstrate that *this* statute is "substantially related" to a legitimate or important territorial objective.

The Government satisfying its burden of proof is neither trivial, nor technical. In the very same cases that the Government cites, statutes employing gender distinctions were successfully defended where the Government met its burden, by first asserting a legitimate state interest, then arguing facts, legislative history, data, inherent differences and common sense to support the presence of a substantial relationship between the gender distinction and the state's interest.[11] In this instance, the Government's brief does not

---

[11] *See, e.g., Michael M. v. Superior Court of Sonoma County* 450 U.S. 464 (1981)(gender distinct statute was substantially related to the state interest of preventing underage illegitimate pregnancies to pass constitutional muster); *see also People v. Silva*, 27 Cal. App. 4th 1160 (Cal. 1994) (upholding against equal protection challenge to criminal domestic abuse statute criminalizing willful injury upon person of opposite sex with whom assailant cohabits; and noting "obvious" distinction that women are physically less able to defend themselves against their husbands than vice-versa); *see also Rostker v. Goldberg*, 453 U.S. 57, 79, 101 (1981) (requirement that men, but not women, register for draft did not create invidious gender classification "but rather realistically reflects the fact that the sexes are not similarly situated" [internal quotation marks omitted]); *Ramos v. Vernon*, 353 F.3d 171, 179 (2d Cir. 2003) ("in the context of the class-based equal protection framework, the [United States Supreme] Court has explicitly repudiated complete blindness with regard to gender-based laws, reasoning that, although such

Case: 1:08-cr-00029-RLF-GWB   Document #: 32   Filed: 07/29/11   Page 10 of 10

*Gary Simmonds v. People of the Virgin Islands*
D.C. Crim. App. No. 2008-0029
Memorandum Opinion
Page 10

undertake any of the reasonable lifting that the governing standard of review requires. As such, we remand for further briefing and fact-finding before the Superior Court.[12]

## V.  CONCLUSION

The Government's brief is inadequate. It fails to either: assert a sufficient legitimate territorial interest that is advanced by the gender distinctions included in the plain language of title 14 section 298(5) of the V.I. Code or factually demonstrate how this statute is substantially related to such an interest. In this instance, where factual findings related to the burden of proof are likely to be triggered, supplementing the record and additional briefing alone are inadequate. We accordingly, remand for further briefing and corresponding fact-finding before the Superior Court. We explicitly retain jurisdiction over this remand.

---

laws elicit some suspicion, the physical differences between the sexes are relevant and enduring").
  Notably, while informative, we are not bound by the Superior Court's 1981 ruling in *Gov't of the V.I. v. Prescott*, 18 V.I. 110, 112 (Terr. Ct. 1981).

[12] Simmonds also raises evidentiary issues. We hold those issues in abeyance pending the Superior Court's findings of fact concerning whether the Government met its burden of proof regarding Simmonds' Equal Protection Challenge.