FOR PUBLICATION

---

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

---

GARY SIMMONDS,                       )
                                     ) D.C. Crim. App. No. 2008-0029
            Appellant,               ) Super. Ct. Crim. No. 215/2005
    v.                               )
                                     )
PEOPLE OF THE VIRGIN ISLANDS,        )
                                     )
            Appellee.                )
_____    )

On Appeal from the Superior Court of the Virgin Islands
The Honorable Darryl D. Donohue, Judge Presiding

### Considered: November 2, 2012
### Filed: April 3, 2020

BEFORE: **CURTIS V. GÓMEZ**, Judge of the District Court of the
Virgin Islands; and **WILMA A. LEWIS**, Chief Judge of the District
Court of the Virgin Islands.[1]

Attorneys:

**Kele Onyejekwe, Esq.**
St. Croix, U.S.V.I.
        For the Appellant,

**Tiffany V. Monrose, AAG Esq.**
St. Croix, U.S.V.I.
        For the Appellee.

---

[1] While the Honorable James S. Carroll, III, former judge of the Superior
Court of the Virgin Islands, sat on the panel that considered this matter,
he retired before the decision was issued.

Rec'd DCVI-ST 04 03'20 PM03:13

| MEMORANDUM OPINION |
| --- |

**PER CURIAM,**

Gary Simmonds challenges his conviction in the Superior Court of the Virgin Islands for aggravated assault. For the reasons stated below, the Court will vacate Gary Simmonds's conviction and remand the case to the Superior Court for imposition of a conviction and sentence for the lesser-included offense of simple assault and battery.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2005, Tracia Walter-Simmonds ("Walter-Simmonds") went to the Schrader Command police station in St. Croix and reported that her husband, Gary Simmonds ("Simmonds"), had hit her. When Walter-Simmonds arrived at the police station, her face was bruised and red. Later that evening, Simmonds went to the police station. While at the station, Simmonds told officers that he and his wife had been in a fight over a bill and Walter-Simmonds's relationship with an ex-boyfriend. Walter-Simmonds also gave a statement to officers that she and her husband had been involved in an argument that escalated when Simmonds struck her several times in the face and body.

On May 9, 2005, the People of the Virgin Islands filed a one-count criminal information against Simmonds for aggravated assault and battery as an act of domestic violence in violation

of 14 V.I.C. § 298(5) and 16 V.I.C. § 92(b)(1)&(2). On

September 22, 2005, a bench trial was held on the charge.

During the trial, the People called four witnesses: Police

Officer Roger Roberts, Tracia Walter-Simmonds, Minreva Saldana,

and Police Officer Antoinette Sargent. Gary Simmonds did not

put on a case. After the close of evidence, the Superior Court

judge found Gary Simmonds guilty of aggravated assault and

battery. Gary Simmonds was sentenced to a six-month suspended

prison term with one year of supervised probation and ordered

to complete 100 hours of community service and enroll in an

anger management course.

On November 24, 2008, Simmonds appealed his conviction to

this Court.[2] Simmonds argues that (1) the gender-based

classification scheme in 14 V.I.C. § 298(5) violates the Equal

Protection Clause; and (2) the Superior Court erred admitting

certain irrelevant testimony. On July 29, 2011, this Court held

that the Government's appellate filings failed to articulate

facts or arguments demonstrating that the statute's gender

classification is substantially related to a legitimate

government interest. *See Simmonds v. Virgin Islands*, D.C. Crim.

App. No. 2006-29, 2011 WL 3290200 (D.V.I. App. Div. July 29,

---

[2] Simmonds's notice of appeal was filed on November 7, 2005. However, his appeal was not properly administratively docketed by the Superior Court in this Court until November 7, 2008.

2011). Having determined that the record was insufficient, the Court remanded the case for the Superior Court to conduct further fact finding. The Court also explicitly retained jurisdiction.

On June 11, 2012, in response to this Court's remand, the Superior Court issued a fifty-page memorandum opinion concluding that the Government failed to demonstrate how the statute's gender classification is substantially related to a legitimate government interest. *See Virgin Islands v. Simmonds*, 58 V.I. 3 (Super. Ct. 2012).

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over appeals of final judgments and orders of the Superior Court filed before January 29, 2007, the date on which the Supreme Court was certified to officially assume appellate jurisdiction over the Superior Court. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a(d); *see also Joseph v. People of the V.I.*, 50 V.I. 873 (D.V.I. App. Div. 2008), *aff'd*, 465 Fed. Appx. 138 (3d Cir. 2012).

Equal protection jurisprudence calls for intermediate scrutiny of statutes that employ gender classifications. *Orr v. Orr*, 440 U.S. 268, 279 (1979); *Hynson v. City of Chester Legal Dept.*, 864 F.2d 1026, 1029 (3d Cir. 1988). The Government bears the burden of justifying that a gender-specific statute does

not carry the baggage of discrimination. *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982).

This Court's standard of review in examining the Superior Court's application of law, including conclusions concerning statutory interpretation and constitutional issues is *de novo*, while findings of fact are reviewed for clear error. *Ascencio v. Virgin Islands*, No. D.C. Crim. App. No. 2007-13, 2010 WL 9532347, at *1 (D.V.I. App. Div. Nov. 10, 2010).

### III. ANALYSIS

### A.   Constitutionality of  14 V.I.C. § 298(5)

Simple assault and battery, codified at 14 V.I.C. § 299 ("Section 299"), is defined as an "assault or battery unattended with circumstances of aggravation." 14 V.I.C. § 299(1)-(2). At the time of Simmonds's conviction, the punishment for a conviction of simple assault and battery was a fine of no more than $50 or imprisonment for not more than 30 days or both. The aggravated assault and battery statute--14 V.I.C. § 298 ("Section 298")--provides in relevant part that, "[w]hoever commits an assault and battery . . . being an adult male, upon the person of a female or child, or being an adult female, upon the person of a child . . . shall be fined not more than $500 or imprisoned not more than 1 year, or both." 14 V.I.C. § 298(5).

"Section 298(5), by its terms, escalates simple assault
and battery to an aggravated assault and battery where the
assault and battery is perpetrated by an adult male against an
adult female." *Humienny v. Virgin Islands*, 79 F. Supp. 3d 548,
550 (D.V.I. 2015). "The statute, however, does not graduate
simple assault to aggravated assault when an adult male
perpetrates the offense against another adult male or if an
adult female perpetrates the offense against another adult
female." *Simmonds*, 2011 WL 3290200, at *2. "Nor does the
statute graduate simple assault to aggravated assault when an
adult female perpetrates the offense against an adult male."
*Day v. Virgin Islands*, D.C. Crim. App. No. 1997-63, 2015 WL
5935849, at *4 (D.V.I. Oct. 7, 2015). If Simmonds and Walters-
Simmonds had been the same gender, or if Simmonds were a female
and Walters-Simmonds a male, then Simmonds would have faced
criminal liability only for simple assault under Section 299.
As such, men and women are treated differently under the
aggravated assault statute.

This Court has previously found, on several occasions,
that Section 298(5) violates the Equal Protection Clause of the
Fourteenth Amendment. *See Day*, 2015 WL 5935849, at *5;
*Humienny*, 79 F. Supp. 3d at 550; *Rogers v. Virgin Islands*, D.C.
Crim. App. No. 2006-66, 2015 WL 5013953, at *7 (D.V.I. Aug. 21,

2015); *Charleswell v. Virgin Islands,* D.C. Crim. App. No.
2006-28 (D.V.I. App. Div. 2013). A finding that a statute is
facially unconstitutional makes that statute void ab *initio.*
*See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir.
2002); *see also Vogel v. Pennsylvania,* 790 F.2d 368, 379 (3rd
Cir. 1986). It is as though the statute was never passed.
*Alexander,* 294 F.3d at 629.

The subsection under which Simmonds was convicted for
aggravated assault was, in essence, never a valid law. *See*
*id.* Because Section 298(5) is unconstitutional, the Court will
vacate Simmonds's judgment of conviction and sentence with
respect to that sub-section of the statute.

In accordance with the weight of authority, the Court will
vacate Simmonds's aggravated assault conviction. That result
does not necessarily allow Simmonds to avoid a conviction for
the lesser included offense of simple assault, provided
sufficient evidence has been adduced by the People. "Where a
conviction of aggravated assault and battery is vacated by a
court on the basis that the aggravating factor is
unconstitutional, Virgin Islands courts have turned to the
lesser-included offense of simple assault and battery." *Day,*
2015 WL 5935849, at *5; *see also People v. McGowen,* 56 V.I. 3,
10 (Super. Ct. Jan. 11, 2012); *see generally United States v.*

*Petersen,* 622 F.3d 196, 205-07 (3d Cir. 2010); *Virgin Islands v. Josiah,* 641 F.2d 1103, 1108 (3d Cir. 1981) ("When the evidence is insufficient to support the greater offense, but sufficient to support a conviction on the lesser-included offense, an appellate court may vacate the sentence and remand for entry of judgment of conviction and resentencing under the lesser-included offense."). *But cf. Webster v. Virgin Islands,* 60 V.I. 666, 682 (V.I. 2014) (reversing defendant's aggravated assault conviction without instructing the trial court to enter a judgment on the lesser-included offense of simple assault).

**B. Admissibility of Certain Testimony of Police Officer Roger Roberts**

With respect to the evidence presented at trial, Simmonds challenges the admissibility of certain inculpatory statements made by one of the People's witnesses, Police Officer Roger Roberts ("Roberts") during his trial testimony. Roberts was present at the police station when Walter-Simmonds arrived to report that Simmonds had hit her. Roberts testified that when Walter-Simmonds entered the police station "[s]he was crying and hysterical" and appeared "upset." JA 28:25-29:1. Upon entering the police station, Roberts testified that Walter-Simmonds "stated her husband is home beating the shit out of her. Pardon my French. She was calling 911 and they took it as

a joke, so she came to the police station."[3] *Id.* at 29:21-24.

Roberts also testified that he observed that Walter-Simmonds

"had a big red mark on the left side of her face." *Id.* at

30:14.

> The testimony offered by Officer Roberts of this
> crime--regarding how [Walter-Simmonds]'s husband
> was beating her--is absolutely irrelevant with
> respect to the issues before the jury. The
> testimony regarding a 'big red mark' and how
> somebody beat 'the shit out of' [Walter-
> Simmonds]could not in any way serve to establish
> any of the elements of the crime of aggravated
> assault.

ECF No. 13 at 21-22.

As discussed above, simple assault is an "assault or

battery unattended with circumstances of aggravation." 14

V.I.C. § 299(1)-(2) The Virgin Islands Code defines "assault

and battery" as follows: "Whoever uses any unlawful violence

upon the person of another with intent to injure him, whatever

be the means or the degree of violence used, commits an assault

and battery." 14 V.I.C. § 292. Accordingly, the People were

required to prove that Simmonds used "unlawful violence" on

---

[3] Simmonds objected to the admission of this statement, arguing that it was
inadmissible hearsay. The trial judge overruled his objection and admitted
the statement as an excited utterance. Simmonds does not argue on appeal
that this statement was inadmissible hearsay.

Walter-Simmonds with the intent of injuring her. See 14 V.I.C. § 292.

"Unlawful violence" encompasses a wide variety of conduct, ranging from shooting someone, *see Viera v. People*, No. S. Ct. Crim. No. 2016-0014, 2019 WL 3287181, at *8 (V.I. June 17, 2019), to hitting someone with a pool cue, *see Boston v. Virgin Islands*, No. S. Ct. Crim. No. 2010-0086, 2012 WL 1522162, at *4 (V.I. May 2, 2012), to punching someone, *see Dunlop v. Virgin Islands*, S. Ct. Crim. No. 2008-0037, 2009 WL 2984052, at *3-4 (V.I. Sept. 15, 2009). Robert's testimony that Walter-Simmonds claimed that Simmonds was "beating" her along with his personal observation of injuries consistent with a "beating" describes conduct well within the heartland of "assault and battery," and as such, is relevant evidence. The Superior Court did not err in admitting it.

In light of all the evidence adduced at trial, the Court finds that there was sufficient evidence to support a conviction of the lesser included offense, simple assault. The Court will remand for the Superior Court to impose a judgment of conviction and sentence that reflects the lesser-included offense of simple assault and battery, unattended by any circumstance of aggravation. *See, e.g., McGowan*, 56 V.I. at 10 (striking down the gender-based aggravating factor and

reducing the count by operation of law to simple assault and battery).

## IV.   CONCLUSION

For the reasons stated above, the Court will vacate the conviction and sentence imposed and remand this case to the Superior Court with instructions to impose a conviction and sentence that reflect the lesser-included offense of simple assault and battery, unattended by any circumstances of aggravation. *See Josiah*, 641 F.2d at 1108. An appropriate judgment follows.